1  Robert Ahdoot (SBN 172098)
   Tina Wolfson (SBN 174806)
2  Bradley K. King (SBN 274399)
   AHDOOT & WOLFSON, PC
3  10728 Lindbrook Drive
   Los Angeles, CA 90024
4  T: (310) 474-9111
   F: (310) 474-8585
5  rahdoot@ahdootwolfson.com
   twolfson@ahdootwolfson.com
6  bking@ahdootwolfson.com

7  Attorneys for Plaintiff

8  [Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Jose Division

| | |
|---|---|
| LISA MARIE DAVISON, individually and on behalf of all others similarly situated, | Case No. 5:18-cv-04617 |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | (1)  Violations of the Gold Labeling Act of 1976;<br>(2)  Breach of Contract<br>(3)  Breach of Express Warranty;<br>(4)  Breach of Implied Warranty of Merchantability;<br>(5)  Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act;<br>(6)  Violations of California's Consumer Legal Remedies Act;<br>(7)  Violation of the Magnuson-Moss Warranty Act;<br>(8)  Violations of California's Unfair Competition Law;<br>(9)  Violations of California's False Advertising Law;<br>(10) Equitable Injunctive and Declaratory Relief;<br>(11) Relief Pursuant to the Declaratory Judgment Act; and<br>(12) Unjust Enrichment |
| v. | |
| Herff Jones, LLC and Herff Jones, Inc., | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Lisa Marie Davison, individually and on behalf of all others similarly situated, and by and through the undersigned counsel, hereby sets forth her claims against Defendants Herff Jones, LLC and Herff Jones, Inc. in this Consumer Class Action Complaint.

**NATURE OF THE CASE**

1.      Plaintiff Lisa Marie Davison ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings state and federal claims against Herff Jones, LLC and Herff Jones, Inc. (collectively, "Herff Jones" or "Defendants") for Herff Jones' wrongful conduct in designing, manufacturing, marketing, and selling class rings to consumers that did not contain the represented gold content. Plaintiff also contends that Herff Jones breached its contracts with customers by providing rings with less gold content than promised in the underlying contracts.

2.      Plaintiff brings claims against Defendants pursuant to the Gold Labeling Act of 1976, the Song-Beverly Consumer Warranty Act, California Consumer Legal Remedies Act, California Unfair Competition Law, and for breach of contract, as well as equitable, injunctive, and declaratory relief.

**JURISDICTION AND VENUE**

3.      This District has subject matter jurisdiction over this action under the Class Action Fairness Act because at least one member of the proposed class is a citizen of a different state than Herff Jones, the number of proposed class members exceeds one hundred, and the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A).

4.      This District Court can exercise specific personal jurisdiction over Defendants because Defendants' activities in California – namely marketing and selling its rings – gave rise to Plaintiff's claims and the claims of the putative class.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2). A substantial part of the events or omissions giving rise to the claims occurred in this District.

6.      Intradistrict Assignment: Pursuant to Civil L.R. 3-2(c)-(e) and 3-5, this lawsuit is properly assigned to the San Jose Division because Santa Clara is the county in which the action arises. In particular, Plaintiff Davison purchased her class ring in San Jose, California, which is located in Santa Clara County.

**PARTIES**

7.      Plaintiff Lisa Marie Davison, a proposed Class and Subclass representative, is an adult citizen of California residing in San Jose, CA.

8.      Defendant Herff Jones, LLC is a Limited Liability Company organized under the laws of the State of Indiana and has its principal place of business in Indianapolis, Indiana. All but one of its fourteen officers are located in the State of Indiana; its Chief Legal Officer is located in the State of Tennessee. Herff Jones, LLC conducts business in all fifty states.

9.      Defendant Herff Jones, Inc. was a corporation organized under the laws of the State of Indiana and had its principal place of business in Indianapolis, Indiana. Herff Jones, Inc. conducted business in all fifty states before it converted into Herff Jones, LLC on December 4, 2014.

## GENERAL ALLEGATIONS

10.      Herff Jones designs, manufactures, advertises, and sells a variety of products, including rings, to high school and college graduates ("class rings").

11.      Salesmen of Herff Jones (called "local representatives") interface with particular high schools and college students to provide Herff Jones' marketing materials and design options as well as pricing information, *see* Exhibit A, to students and parents and facilitate the submission of orders to the company.

12.      Herff Jones provides its representatives with marketing materials, order forms and, after completing the manufacturing process, the class rings. Herff Jones maintains a website that and customer service telephone line to which representatives can refer customers. Upon information and belief, Herff Jones also trains representatives on the available products, ordering process, and other functions essential to providing the class rings to consumers.

13.      Herff Jones customers select the material used to manufacture the ring, the size of the ring, and other customizable options, such as a name engraving, using a standard order form. The purchaser then submits payment information either through the hard copy form with the Herff Jones logo, through the Herff Jones website, or through the local representative's website, which redirects to the Herff Jones website.

14.      Herff Jones then manufactures the ring to the specifications selected, including the gold specifications.

15.      Specifically with respect to gold class rings, after manufacturing the class rings Herff Jones stamps the inside of each ring to indicate the proportion of gold ("gold content") in the rings.

16.    Herff Jones' own marketing materials state that "the proportion of gold in jewelry is measured in Karats ("K"). [100%] Pure gold is 24K. 18K gold is 18/24K (75%) pure gold. 14K gold is 14/24K [(58%)] pure gold. 10K gold is 10/24 [(or 42%)] pure gold. The remaining parts are comprised of other fine metals."



17.    All of Herff Jones' gold class rings – whether rose gold, white gold, or yellow gold – are marked with a "10K," "14K," or "18K" stamp on the inside of the band to indicate that they contain 10/24K of gold, 14/24K of gold, or 18/24K of gold.

18.    Herff Jones purchases pure gold from brokers to use in the manufacturing of its rings.

19.    Since at least 2012, and pursuant to the instructions of upper-level management, Herff Jones' plant managers and assistant managers knowingly instructed its employees to put less gold into the class rings than necessary to achieve the gold content indicated by the stamp on the inner band.

20.    As a result, Herff Jones' yellow, white, and rose gold class rings manufactured on or after 2012 contain less gold content than the amount paid for by its customers.

21.    Standard test methods for determination of the gold content, pursuant to ASTM E1335, were performed on Plaintiff's ring. The laboratory evaluated three separate samples of her ring and found that all three samples contained less gold than indicated.

22.    A 10K ring should contain 416.666667 parts per thousand ("ppt") of gold. However, if testing of a sample of gold (like a ring) that is marked as 10K indicates a lower ppt of gold, a "10K" marking is fraudulent.

23.     Herff Jones has never disclosed the actual gold content of its rings, or the discrepancies, to consumers, and continues to make hundreds of millions of dollars in profit.

## PLAINTIFF'S ALLEGATIONS

24.     Plaintiff Lisa Marie Davison received a communication in April 2014 advising her that graduation announcements, caps and gowns, and class rings would be available for purchase for her graduating class at the University of Phoenix in San Jose, California.

25.     On May 28, 2014, Plaintiff went to campus to order her class ring. She saw a table filled with advertising material that bore the name Herff Jones. Plaintiff reviewed the advertising material – specifically, brochures with information on the class rings for sale. Plaintiff spoke with a woman who appeared to be a representative of Herff Jones about the content of the brochures. The woman advised Plaintiff about the Herff Jones brochures and provided Plaintiff with an order form that contained the Herff Jones logo, website, and specific division responsible for processing her order. The representative also filled out the part of the form that designates who took the order by selecting "HJ Rep" and signing "CS."

26.     Plaintiff placed an order with the Herff Jones representative for a 10K white gold class ring on May 28, 2014.

27.     Plaintiff paid $537.22 for the 10K gold class ring.

28.     Her order form and payment were directed to the College Division of Herff Jones.

29.     The inner band of Plaintiff's class ring is marked with the inscription "10K," which she understood to represent that the ring was 10K gold.

30.     Plaintiff did not know or have reason to know about the inferior gold content of her ring until she sent it in to be tested.

31.     Standard test methods for determination of the gold content, pursuant to ASTM E1335, were performed on Plaintiff's ring. The laboratory evaluated three separate samples of her ring and found that all three samples contained less gold than a 10K ring should contain. A 10K ring contains 416.666667 parts per thousand ("ppt") of gold. The sample of Plaintiff's ring with the highest gold content contained 399 ppt of gold.

32.     At the time of Plaintiff's purchase, and at all times thereafter, Herff Jones and its representative failed to disclose, concealed, and/or omitted material facts related to the actual gold content of the ring.

33.     Before Plaintiff purchased the class ring, she was never informed of, or aware of, any discrepancies in the actual gold content of the class rings. She relied on Herff Jones' brochures, advertisements, and order form's representations that the class rings offered for sale contained the indicated gold content.

34.     Had Herff Jones disclosed the inferior gold content of its rings, Plaintiff would not have purchased the class ring or would have paid significantly less for it. Plaintiff was denied information material to her purchase. Plaintiff relied on Herff Jones' advertisements, representations, and warranties that the class rings contained the represented gold content.

35.     Plaintiff still has possession of the class ring.

## CLASS DEFINITION

36.     Pursuant to Rules 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff will seek certification of a nationwide class defined as follows: All persons who purchased 10K, 14K, or 18K yellow, white, or rose gold rings in the United States manufactured by Herff Jones on or after July 31, 2012 (the "Class").

37.     Plaintiffs also seek certification of a California Subclass consisting of: All persons who purchased 10K, 14K, or 18K yellow, white, or rose gold rings in California manufactured by Herff Jones on or after July 31, 2012 (the "California Subclass").

38.     The Class and Subclass definitions specifically exclude: (a) all persons who have had their class rings re-purchased or "bought back" by Defendant Herff Jones or its independent sales representatives (whether the buy-back was required by law or was solely pursuant to agreement); (b) any persons or other entities currently related to or affiliated with Defendants; (c) any person, firm, trust, corporation, or other entity who purchased, for resale, from Defendants, or any entity related to or affiliated with Herff Jones, a class ring; (d) any Judge presiding over this action and members of his or her family; and (e) all persons who properly execute and file a timely request for exclusion from the Class.

39.     *Numerosity*: the Class and Subclass are comprised of tens of thousands of purchasers of class rings located throughout the United States, making joinder impractical. The precise number of Class and Subclass members can be ascertained only through discovery, which includes Defendants' sales, service, and complaint records. Given the size of the Class and Subclass, the disposition of members' claims through a class action will benefit both the parties and this Court.

40.     *Ascertainability*: The Class and Subclass are composed of an easily ascertainable, self-identifying set of individuals and entities who purchased a class ring in the United States manufactured by Herff Jones on or after July 31, 2012. Members of the Class and Subclass may be identified from records maintained by Herff Jones and its agents.

41.     *Commonality*: The critical questions of law and fact common to the Class and Subclass that will materially advance the litigation include, but are not limited to, the following:

a.   Whether Herff Jones engaged in a practice of manufacturing class rings with actual gold fineness inferior to the indicated gold fineness of the class rings by more than 3/1000th parts;

b.   Whether Herff Jones knew or should have known that its class rings contained less gold content than promised;

c.   Whether members of the Class and Subclass were entitled to be notified about the inferior gold content of the class rings;

d.   Whether Defendants deliberately misrepresented or failed to disclose or concealed material facts to Plaintiffs and the Class and Subclass members;

e.   Whether Herff Jones acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making the award of equitable relief and/or restitution appropriate to the Class and Subclass as a whole;

f.   Whether Herff Jones breached its express warranty that its class rings would be free from defects of workmanship and material for the life of the class ring;

g.   Whether the class rings are unmerchantable or fail of their particular purpose;

h.   Whether Plaintiff and Class and Subclass members would have purchased their class rings, or whether they would have paid a lower price for them, had they known of the inferior gold content.

42.   *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class and Subclass, as all such claims arise out of Defendants' conduct in designing, manufacturing, warranting, advertising, and selling class rings with inferior gold content.

43.   *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the Class and Subclass and have no interests antagonistic to those of the Class and Subclass. Plaintiff has retained counsel experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving, inter alia, breach of warranties, fraud, misrepresentations, product liability, and product design defects.

44.   *Predominance*: This class action is appropriate for certification because questions of law and fact common to Class and Subclass members predominate over questions affecting only individual members.

45.   *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Should individual Class and Subclass members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits that would burden the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. Because the damages suffered by each Class and Subclass member are relatively small compared to the expense and burden of prosecuting this compelling case against a well-financed, billion-dollar corporation, this class action is the only way each Class and Subclass member can redress the harm that Herff Jones caused.

46.   This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Class and Subclass predominate over any questions that affect only individual members, and because the class action

1   mechanism is superior to other available methods for the fair and efficient adjudication of the

2   controversy.

3        47.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure

4   23(b)(2) because Defendants have acted or refused to act on grounds that are generally applicable to the

5   Class and Subclass members, thereby making final injunctive relief appropriate with respect to the Class

6   and Subclass.

7                    **<u>TOLLING OF THE STATUTE OF LIMITATIONS</u>**

8        48.     <u>Discovery Rule</u>. Plaintiff's claims accrued upon discovery that the class rings that Herff

9   Jones designed, manufactured, warranted, advertised, and sold class rings with inferior gold content.

10  While Herff Jones knowingly misrepresented the gold content in the class rings and/or omitted the true

11  gold content of the class rings, Plaintiff, as well as Class and Subclass members, could not and did not

12  discover this fact through reasonable diligent investigation unless and until after they had their rings

13  tested by a laboratory independent of Herff Jones.

14       49.     <u>Active Concealment Tolling</u>. Any statutes of limitations are tolled by Herff Jones'

15  knowing and active concealment of the fact that class rings did not contain the represented gold content.

16  Herff Jones kept Plaintiff and all Class and Subclass members ignorant of vital information essential to

17  the pursuit of their claims, without any fault or lack of diligence on the part of Plaintiff. The details of

18  Herff Jones' efforts to conceal its above-described unlawful conduct are in its possession, custody, and

19  control, to the exclusion of Plaintiff and the Class and Subclass members. Plaintiff could not reasonably

20  have discovered the fact that her class ring was made of inferior gold content.

21       50.     <u>Estoppel</u>. Herff Jones was and is under a continuous duty to disclose to Plaintiff, as well

22  as Class and Subclass members, the true character, quality, and nature of the class rings. At all relevant

23  times, and continuing to this day, Herff Jones knowingly, affirmatively, and actively misrepresented and

24  omitted the true character, quality, and nature of the class rings. The details of Herff Jones' efforts to

25  conceal its above-described unlawful conduct are in its possession, custody, and control to the exclusion

26  of Plaintiff and Class and Subclass members. Plaintiff and Class and Subclass members reasonably relied

27  upon Herff Jones knowing and/or active misrepresentations and/or omissions. Based on the foregoing,

28  Herff Jones is estopped from relying upon any statutes of limitation in defense of this action.

51. <u>Equitable Tolling</u>. Herff Jones took active steps to misrepresent and/or omit the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, and sold the class rings with inferior gold content. The details of Herff Jones' efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of the Plaintiff and Class and Subclass members. When Plaintiff learned about this material information, she exercised her due diligence by thoroughly investigating the situation, retaining counsel, and pursuing her claims. Herff Jones wrongfully omitted its deceitful acts described above. Should it be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

**FIRST CLAIM FOR RELIEF**
(Violation of the Gold Labeling Act of 1976,
15 U.S.C. § 291, *et seq.*)
On behalf of Plaintiff Davison and the Class

52. Plaintiff, individually and on behalf of the Class, hereby incorporates each and every allegation as though fully set forth herein.

53. The class rings are "articles of merchandise" within the meaning of the Gold Labeling Act of 1976, 15 U.S.C. § 299(a).

54. Herff Jones is a "person" within the meaning of the Gold Labeling Act of 1976, 15 U.S.C. § 299(b).

55. The Gold Labeling Act states that "…the actual fineness of…gold or alloy shall not be less by more than three one-thousandth parts than the fineness indicated by the mark stamped." 15 U.S.C. § 295.

56. Testing of Plaintiff's class ring pursuant to ASTM E1335 standards shows that Herff Jones designed, manufactured, marketed, and sold the class rings to Plaintiff and the Class that contained less gold fineness than indicated on the stamp of the ring by more than three one-thousandth parts (or 3 ppt).

57. The sample of Plaintiff's ring with the highest gold content contained 399 ppt of gold, which is 17.666 ppt of gold lower than expected, and 14.666 less than permitted under the Gold Labeling Act.

58.     Plaintiff and the Class seek full compensatory damages allowable by law, the diminished value of the class rings, the refund of money paid to purchase the class rings, injunctive relief, attorneys' fees and costs, and any other relief to which Plaintiff and the Class may be entitled.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)
On Behalf of Plaintiff Davison, the Class, or in the alternative, the California Subclass

59.     Plaintiff, individually and on behalf of the Class, or in the alternative, for the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

60.     Plaintiff and the Class, or in the alternative, the California Subclass entered into agreements with Herff Jones to receive class rings containing a particular gold content in exchange for payment.

61.     Plaintiff and the Class, or in the alternative, the California Subclass completed order forms that specified the gold content selected and the finish, among other ring characteristics, as well as the payment information and deposit amount for the class ring.

62.     The hard copy order forms contained the Herff Jones logo and appropriate division of Herff Jones that created the order form. The online order forms also contained the Herff Jones logo, photographs of the different ring styles, explanations of the ring metal qualities and finish, a sample photograph of the ring with all of the specifications, as well as billing and shipping information.

63.     Herff Jones materials that class ring purchasers may review prior to filling out the order form uniformly explained the different proportions of gold included in 24K, 18K, 14K, and 10K rings sold by Herff Jones.

64.     In breach of the contract order forms, Herff Jones did not provide Plaintiff and the Class, or in the alternative, the California Subclass with class rings that contain the gold content specified on the order form.

65.     Herff Jones' breach of contract proximately caused the Plaintiff, the Class and California Subclass to suffer damages in excess of $5,000,000.

66.     Plaintiff and the Class or, in the alternative, the California Subclass, seek full compensatory damages allowable by law, the diminished value of the class rings, the refund of money paid to own the class rings, restitution, a declaratory judgment, and a court order enjoining Herff Jones'

wrongful acts and practices, and any other relief to which Plaintiff and the Class or the California Subclass may be entitled, including attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
(Breach of Express Warranty)
On behalf of Plaintiff Davison, the Class, or in the alternative, the California Subclass

67.     Plaintiff, individually and on behalf of the Class, or in the alternative, for the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

68.     Each Herff Jones class ring is delivered with an embossed marking located inside the ring that purportedly confirms the gold content that was purchased by the Plaintiff, Class, or Subclass Member.  The embossment confirming the intended and purchased gold content constitutes an express warranty that the ring has been delivered to the purchaser as ordered. The embossment is visible to the purchaser from the time that she receives the ring and well within the thirty day return period.

69.     Each Herff Jones class ring comes with the Herff Jones Limited Lifetime Warranty ("warranty"). Herff Jones warrants that the class rings are "free from defects in workmanship and/or material at the time of delivery." If the ring "cannot be repaired or replaced… a refund will be allowed…"

70.     Herff Jones breached its warranties by offering for sale and selling class rings that were, in fact and/or by construction, defective in that they contained inferior gold content at the time of delivery.

71.     Herff Jones cannot cure the inferior gold content of its class rings through repair or replacement and, therefore, cannot fulfil its express warranty.

72.     Herff Jones' breach of its express warranties proximately caused the Plaintiff, the Class and California Subclass to suffer damages in excess of $5,000,000.

73.     Plaintiff and the Class or, in the alternative, the California Subclass, seek full compensatory damages allowable by law, the diminished value of the class rings, the refund of money paid to own the class rings, and punitive damages and appropriate equitable relief including injunctive relief, restitution, a declaratory judgment, and a court order enjoining Herff Jones' wrongful acts and practices, and any other relief to which Plaintiff and the Class or the California Subclass may be entitled, including attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
(Breach of Implied Warranty of Merchantability)
On behalf of Plaintiff Davison, the Class or, in the alternative, the California Subclass

74.     Plaintiff, individually, and for the Class or, in the alternative, the California Subclass, hereby incorporate each and every allegation as though fully set forth herein.

75.     Herff Jones impliedly warranted that the class rings, which it designed, manufactured, and sold to Plaintiff and the Class and members of the California Subclass, were merchantable, passed without objection in the jewelry trade, are of fair average quality within the description, and conformed to the stamp that stated gold content on the rings.

76.     Because the class rings contain less gold content than Plaintiff, the Class, and the California Subclass paid for, they are not merchantable, passable without objection in the trade, of fair average quality within the description, or confirming to the promises or affirmations made on the stamp that states the rings' gold content.

77.     As a direct and proximate result of Herff Jones' breach of the implied warranty of merchantability, Plaintiff, the Class, and members of the California Subclass suffered damages in excess of $5,000,000.

78.     Plaintiff and the Class or, alternatively, the California Subclass, seek full compensatory damages allowable by law, the diminished value of the class rings, the refund of money paid for all class rings, and punitive damages, and appropriate equitable relief including injunctive relief, restitution, a declaratory judgment, and a court order enjoining Herff Jones' wrongful acts and practices and any other relief to which Plaintiff and the Class or, alternatively, the California Subclass, may be entitled, including attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
(Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq*.)
On Behalf of Plaintiff Davison and the California Subclass

79.     Plaintiff Davison, individually and for the California Subclass, hereby incorporates every allegation as though fully set forth herein.

80.     Plaintiff Davison, the Class, and Subclass Members are "buyers" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(a).

81.     Herff Jones is a "manufacturer" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(j).

82.     The class rings at issue are "consumer goods" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(a).

83.     At all relevant times, Herff Jones manufactured, distributed, warranted, and/or sold the class rings. Herff Jones knew or had reason to know of the specific use for which the class rings were purchased.

84.     Herff Jones provided an implied warranty to Plaintiff Davison and California Subclass Members, which warranted that the class rings, including the components parts, are merchantable, passed without objection in the jewelry trade, are of fair average quality within the description, conformed to the stamp that stated gold content on the rings, and are fit for the ordinary purposes for which they were sold.

85.     However, *inter alia*, because the class rings contain less gold content than Plaintiff and the California Subclass paid for, they are not merchantable, passable without objection in the trade, of fair average quality within the description, conforming to the promises or affirmations made on the stamp that states the rings' gold content, or fit for the ordinary purposes for which they were sold.

86.     As a direct and proximate result of Herff Jones' breach of its implied warranty of merchantability, Plaintiff and members of the California Subclass owners suffered an ascertainable loss of money, property, and/or value of their class rings.

87.     Herff Jones' actions, as complained of herein, breached the implied warranty that the class rings were of merchantable quality and fit for such use, in violation of California Civil Code §§ 1792 and 1791.1, *et seq*.

88.     Plaintiff Davison and the California Subclass seek full compensatory damages allowable by law, attorneys' fees, costs, the replacement of all class rings, the refund of money paid to own class rings, and any other relief to which Plaintiffs and the California Subclass may be entitled.

## SIXTH CLAIM FOR RELIEF
(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.)
On behalf of Plaintiff Davison, the Class or, in the alternative, the California Subclass

89.     Plaintiff, individually and for the Class or, in the alternative, the California Subclass,

1   hereby incorporate every allegation as though fully set forth herein.

2       90.     Plaintiff, the Class, and Subclass members are "consumers" within the meaning of the

3   Magnuson-Moss Act, 15 U.S.C. § 2301(3).

4       91.     Herff Jones is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss

5   Act, 15 U.S.C. § 2301(4) and (5).

6       92.     The class rings at issue are "consumer products" within the meaning of the Magnuson-

7   Moss Act, 15 U.S.C. § 2301(6).

8       93.     The representation of gold content embossed on the class rings is a "written warranty"

9   within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

10      94.     Herff Jones' Limited Lifetime Warranty is a "written warranty" within the meaning of

11  the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

12      95.     For each class ring, Herff Jones embossed the gold content on the class rings, thereby

13  expressly warranting that the class rings contained the represented gold content.

14      96.     For each class ring purchased after July 1, 1983, Herff Jones provided a Limited

15  Lifetime Warranty, which warranted that Herff Jones would repair or replace any part that is defective

16  in material or workmanship under normal use or provide a refund if the ring could not be repaired or

17  replaced.

18      97.     Herff Jones breached its express warranty by selling class rings that, in fact, contained

19  less gold content than expressly warranty on the embossment.

20      98.     Herff Jones also breached its express warranty by selling class rings that, by

21  construction, contained inferior gold content that could not be repaired or replaced given that a

22  replacement ring would be made in the same manner as the ring with inferior gold content; Herff

23  Jones, thereby, subjected purchasers of the class rings to damages and risks of loss and injury.

24      99.     Herff Jones has breached and continues to breach its implied warranty of

25  merchantability by manufacturing, designing, and selling class rings that contain less gold content than

26  Plaintiff, the Class, and the California Subclass paid for, thereby damaging Plaintiffs and similarly

27  situated Class and Subclass. Herff Jones' repair or replacement of the class rings would not have

28  resolved the defect for Plaintiff, the Class, and the California Subclass.

100.    Herff Jones is under a continuing duty to inform its customers of the nature and existence of defects in the class rings.

101.    Plaintiff and the Class or, in the alternative, the California Subclass seek full compensatory damages allowable by law, the diminished value of the class rings, the refund of money paid for all class rings, and punitive damages, and appropriate equitable relief including injunctive relief, restitution, a declaratory judgment, and a court order enjoining Herff Jones' wrongful acts and practices and any other relief to which Plaintiff and the Class or, alternatively, the California Subclass, may be entitled, including attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
(Violation of California's Consumers Legal Remedies Act,
California Civil Code §§ 1750, *et seq.*)
On Behalf of Plaintiff Davison and the California Subclass

102.    Plaintiff Davison, individually and on behalf of the California Subclass, hereby incorporates every allegation as though fully set forth herein.

103.    Defendants Herff Jones, LLC and Herff Jones, Inc. are "person[s]" as defined by California Civil Code § l761(c).

104.    Plaintiff Davison and California Subclass Members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased their class rings primarily for personal, family, or household use.

105.    By concealing the inferior gold content of the class rings from Plaintiff Davison and prospective California Subclass members, Herff Jones violated California Civil Code § 1770(a), as they represented that the class rings had characteristics and benefits that they do not have and represented that the class rings were of a particular standard, quality, or grade when they were of another. *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

106.    Herff Jones' unfair and deceptive acts or practices occurred repeatedly in Herff Jones' trade or business and were capable of deceiving a substantial portion of the purchasing public.

107.    Herff Jones knew that the class rings did not contain the gold content paid-for by Plaintiff and the California Subclass and were not suitable for their intended use.

108.    As a result of their reliance on Herff Jones' misrepresentations and/or omissions, owners

of the class rings suffered an ascertainable loss of money, property, and/or value of their class rings. Additionally, as a result of the gold content shortage in the rings, Plaintiff Davison and California Subclass Members were harmed and suffered actual damages in that the class rings were never what the consumer paid for.

109.    Herff Jones had a duty to Plaintiff Davison and California Subclass Members to disclose the inferior gold content of the class rings because:

      a.   Herff Jones was in a superior position to know the true state of facts about the materials used to manufacture the class rings;

      b.   Plaintiff Davison and California Subclass Members could not reasonably have been expected to learn or discover that their class rings were made of less gold than they had paid for; and

      c.   Herff Jones knew that Plaintiff Davison and California Subclass Members could not reasonably have been expected to learn of or discover the lesser gold content.

110.    In purposefully manufacturing rings with less gold content than agreed to by Plaintiffs, and failing to disclose the inferior gold content of the rings, Herff Jones knowingly and intentionally concealed and omitted material facts and breached its duty not to do so.

111.    The facts about the class rings that Herff Jones concealed from or failed to disclose to Plaintiff Davison and California Subclass Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the class rings or pay less for them. Had Plaintiff Davison and California Subclass Members known that the class rings contained less gold than the amount represented, they would not have purchased or leased the class rings or would have paid less for them.

112.    Plaintiff Davison and California Subclass Members are reasonable consumers who do not expect to receive a ring with less than the indicated amount of gold when they purchase a ring for a particular gold content.

113.    Plaintiff Davison and California Subclass Members would not be able to discover that the class ring contained less gold than promised as the deficiency was not evident or discoverable upon casual inspection.

114.     As a result of Herff Jones' conduct, Plaintiff Davison and California Subclass members were harmed and suffered actual damages in that the class rings contain less gold than the amount represented and are worth less than the rings for which Plaintiff and the California Subclass paid. As a direct and proximate result of Herff Jones' unfair or deceptive acts or practices, Plaintiff Davison and California Subclass Members suffered and will continue to suffer actual damages.

115.     Plaintiff sent Herff Jones a letter on July 13, 2018 by United States Postal Service Certified Mail that provided notice of its violations of the CLRA pursuant to California Civil Code § 1782(a). Herff Jones has not responded to Plaintiff's letter to date.

116.     Therefore, Plaintiff Davison and the California Subclass members seek injunctive and equitable relief, along with any other remedies available by law.

**EIGHTH CLAIM FOR RELIEF**
(Violation of California's Business & Professions Code § 17200, *et seq.*)
On Behalf of Plaintiff Davison and the California Subclass

117.     Plaintiff Davison, individually and on behalf of the California Subclass, hereby incorporates every allegation as though fully set forth herein.

118.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

119.     Reasonable consumers, such as Plaintiff Davison and California Subclass members, do not expect to buy rings that contain less gold than the gold ring paid for by Plaintiffs.

120.     Herff Jones knew the class rings contained less gold content than the content represented to consumers and that the rings were not suitable for their intended use.

121.     In concealing and failing to disclose the gold shortage in the rings, Herff Jones knowingly and intentionally concealed material facts and breached its duty not to do so.

122.     By its conduct, Herff Jones has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

123.     Herff Jones had a duty to Plaintiff Davison and California Subclass Members to disclose the correct gold content in the class rings because:

        a.   Herff Jones was in a superior position to know the true facts about the gold content in

the class rings;

    b.  Herff Jones made partial disclosures about the quality of the class rings without revealing the ring's gold content; and

    c.  Herff Jones actively concealed the defective gold amount from Plaintiff Davison and the California Subclass.

124.    The facts regarding the gold shortage in class rings that Herff Jones concealed from or failed to disclose to Plaintiff Davison and the California Subclass are material in that a reasonable person would have considered them to be important in deciding whether to purchase the class rings. Had Plaintiff Davison and California Subclass Members known that the class rings contained less gold than promised, then Plaintiff Davison and California Subclass members would not have purchased class rings or would have paid less for them.

125.    Upon information and belief, Herff Jones continues to conceal the true gold content of its class rings even after Class Members began to report problems.

126.    Herff Jones' conduct was and is likely to deceive consumers. Herff Jones' unfair or deceptive acts or practices occurred repeatedly in Herff Jones' trade or business, and were capable of deceiving a substantial portion of the purchasing public.

127.    Herff Jones' acts, conduct and practices were unlawful, in that they constituted:

    a.  Violations of the California Consumers Legal Remedies Act; and

    b.  Violations of the Song-Beverly Consumer Warranty Act.

128.    As a result of their reliance on Herff Jones' concealment of the deficiencies in the class rings, owners of class rings suffered an ascertainable loss of money, property, and/or value of their class rings.

129.    As a direct and proximate result of Herff Jones' unfair and deceptive practices, Plaintiff Davison and the California Subclass have suffered and will continue to suffer actual damages.

130.    Herff Jones has been unjustly enriched and should be required to make restitution to Plaintiff Davison and the California Subclass pursuant to §§ 17203 and 17204 of the Business & Professions Code.

131.    Plaintiff Davison  and the California Subclass seek all remedies available pursuant to

§17070, *et seq.* of the Business & Professions Code, including full compensatory damages allowable by law, attorneys' fees, costs, the repair or replacement of all class vehicles the refund of money paid to own or lease all class vehicles, appropriate equitable relief including injunctive relief, a declaratory judgment, a court order enjoining Herff Jones' wrongful acts and practices, and any other relief to which Plaintiff and the California Subclass may be entitled

**NINTH CLAIM FOR RELIEF**
(Violation of California's Business & Professions Code § 17500, *et seq.*)
On Behalf of Plaintiff Davison and the California Subclass

132.    Plaintiff Davison, individually and on behalf of the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

133.    California Business & Professions Code § 17500 prohibits acts of "untrue or misleading" advertising.

134.    Plaintiff Davison and California Subclass Members are reasonable consumers who do not expect their class rings to contain less gold content than advertised in Herff Jones' marketing materials and order forms.

135.    Herff Jones knew the class rings contained less gold content than advertised.

136.    In concealing and failing to disclose the lesser gold content of the class rings, Herff Jones knowingly and intentionally concealed material facts and breached its duty not to do so.

137.    By its conduct, Herff Jones has engaged in false advertising.

138.    Herff Jones had a duty to manufacture rings containing the gold content represented to and purchased by Plaintiff Davison and California Subclass Members or disclose the actual gold content because:

> a. Herff Jones was in a superior position to know the true facts about the gold content in class rings; and
>
> b. Herff Jones omitted and/or actively concealed the inferior gold content of the class rings from Plaintiff Davison and the California Subclass.

139.    The facts regarding the inferior gold content of the class rings that Herff Jones concealed from or failed to disclose to Plaintiff Davison and the California Subclass are material in that a

reasonable person would have considered them to be important in deciding whether to select class rings of a particular gold content and even whether to purchase the class rings. Had Plaintiff Davison and California Subclass Members known that the class rings contained less gold than promised, then Plaintiff Davison and California Subclass Members would not have purchased the class rings or would have paid less for them.

140.   Upon information and belief, Herff Jones continues to conceal the inferior gold content in the class rings even after Class Members began to report problems.

141.   As a result of their reliance on Herff Jones' concealment, omissions, and/or misrepresentations, purchasers of the class rings suffered an ascertainable loss of money, property, and/or value of their class rings. Additionally, as a result of the inferior gold content of the class rings, Plaintiff Davison and California Subclass Members were harmed and suffered actual damages in that the class rings do not conform to what was promised and are worth substantially less.

142.   As a direct and proximate result of Herff Jones' unfair and deceptive practices, Plaintiff Davison and the California Subclass have suffered and will continue to suffer actual damages.

143.   Plaintiff Davison and the California Subclass seek all remedies available pursuant to §17535 of the Business & Professions Code, including injunctive relief, restitution, and restitutionary disgorgement of Herff Jones' ill-gotten gains, a court order enjoining Herff Jones' wrongful acts and practices, and any other relief to which Plaintiff and the California Subclass may be entitled.

## TENTH CLAIM FOR RELIEF
### (Equitable Injunctive and Declaratory Relief)
On behalf of Plaintiff and the Class or, in the alternative, the California Subclass

144.   Plaintiff Davison, individually and on behalf of the Class or, in the alternative, the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

145.   Herff Jones is under a continuing duty to inform its customers of the nature and existence of discrepancies in the quality of the class rings it designs, manufactures, and sells.

146.   Herff Jones acted uniformly towards Plaintiff and the Class, or alternatively members of the California Subclass, by designing, manufacturing, and selling class rings with less gold content than the class rings paid for by Plaintiff and the Class, or alternatively members of the California Subclass, and omitting, concealing, and misrepresenting the actual gold content of the class rings.

147.    Plaintiff, the Class, members of the California Subclass, and the public will suffer irreparable harm if Herff Jones is not ordered to disclose its pattern and practice of manufacturing, designing, and selling rings with less gold content than represented immediately, offer rescission to Plaintiff and the Class, or alternatively the California Subclass, by repurchasing their class rings for their full cost, and ceasing and desisting from manufacturing, marketing, advertising, and selling class rings with inferior gold content.

148.    Such irreparable harm includes, but is not limited to, overpayment for the class rings.

149.    Plaintiff and the Class or, alternatively, the California Subclass, seek appropriate equitable relief, including injunctive relief, a declaratory judgment, a court order enjoining Herff Jones' wrongful acts and practices, the replacement of all class rings, the refund of money paid for all class rings, and any other relief to which they may be entitled.

**ELEVENTH CLAIM FOR RELIEF**
(Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and Fed. R. Civ. P. 57)
On behalf of Plaintiff and the Class or, in the alternative, the California Subclass

150.    Plaintiff Davison, individually and for the Class or, alternatively, the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

151.    Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

152.    There is another actual controversy between Herff Jones and Plaintiff concerning whether Herff Jones must disclose that class rings do not contain the represented gold content. Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

153.    Despite knowingly designing and manufacturing class rings that contain less gold than represented to the Plaintiff and the Class, or alternatively, the California Subclass, Herff Jones refuses to publicly acknowledge that the class rings contain inferior gold content and continued to misrepresent the quality of its rings to consumers.

154.    Accordingly, based on Herff Jones' continued deception, Plaintiff seeks a declaration that the class rings, as a matter of course, contain less gold content than promised to consumers and that

the gold content in the class rings is a material fact that requires disclosure of any discrepancy in gold content to all persons who own them.

155.     The declaratory relief requested herein will generate common answers that will settle the controversy related to the alleged fraud concerning the class rings. There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

### TWELFTH CLAIM FOR RELIEF
(Unjust Enrichment)
On behalf of Plaintiff Davison, the Class, or in the alternative, the California Subclass

156.     Plaintiff Davison, individually and for the Class or, alternatively, the California Subclass, hereby incorporates each and every allegation as though fully set forth herein.

157.     Herff Jones knew or should have known that Plaintiff, the Class, and the California Subclass paid for class rings that contained a particular gold content and received class rings that contained a lesser gold content than expected.

158.     Plaintiff and the Class, and alternatively the California Subclass, conferred substantial benefits on Herff Jones by purchasing the class rings. Herff Jones knowingly and willingly accepted and enjoyed those benefits.

159.     Herff Jones' retention of these benefits is inequitable.

160.     As a direct and proximate cause of Herff Jones' unjust enrichment, Plaintiff and the Class or, in the alternative, the California Subclass, are entitled to an accounting, restitution, attorneys' fees, costs and interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Herff Jones as follows:

A.     For an order certifying the Class and/or California Subclass, appointing Plaintiff as a representative of the Class and California Subclass, and appointing the law firms representing Plaintiff as counsel for the Class and California Subclass;

B.     For a declaration that Herff Jones must disclose its practice of designing and manufacturing class rings with less gold content than promised to consumers;

C.      For compensatory damages and/or restitution or refund of all funds acquired by Herff

Jones from Plaintiff and the California Subclass as a result of Herff Jones' unlawful, unfair, deceptive

and unconscionable practices described herein and in California's Unfair Competition Law, among

other statutes,, including actual and/or statutory and/or punitive damages and/or trebled damages to the

extent permitted by law in an amount to be proven at trial;

D.      Trebling of damages suffered by Plaintiff, the Class and/or California Subclass;

E.      Payment of costs and expenses of suit herein incurred;

F.      Both pre-and post-judgment interest on any amounts awarded;

G.      Payment of reasonable attorneys' fees, costs, and expert fees;

H.      Punitive damages where available; and

I.      Such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Class, and the California Subclass hereby demand trial by jury of all issues triable

by right.

Dated:  July 31, 2018                    Respectfully submitted:

                                         */s/ Robert Ahdoot*
                                         Robert Ahdoot (SBN 172098)
                                         Tina Wolfson (SBN 174806)
                                         Bradley K. King (SBN 274399)
                                         AHDOOT & WOLFSON, PC
                                         10728 Lindbrook Drive
                                         Los Angeles, CA 90024
                                         T: (310) 474-9111
                                         F: (310) 474-8585
                                         rahdoot@ahdootwolfson.com
                                         twolfson@ahdootwolfson.com
                                         bking@ahdootwolfson.com

                                         Daniel K. Bryson*
                                         Patrick Wallace*
                                         WHITFIELD BRYSON & MASON, LLP
                                         900 W Morgan St.
                                         Raleigh, NC 27603
                                         T: (919) 600-5000
                                         F: (919) 600-5035
                                         dan@wbmllp.com
                                         pat@wbmllp.com

Gary Mason*
Jennifer S. Goldstein (SBN 310335)
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave., NW
Suite 305
Washington, D.C. 20016
T: (202) 429-2290
F: (202) 429-2294
gmason@wbmllp.com
jgoldstein@wbmllp.com

Matthew R. Pearson*
GRAVELY & PEARSON, LLP
425 Soledad Street, Suite 600
San Antonio, Texas 78205
T: (210) 472-1111
F: (210) 472-1110
mpearson@gplawfirm.com

Greg F. Coleman*
GREG COLEMAN LAW PC
800 S. Gay Street
Suite 1100
Knoxville, TN 37929
T: 865-232-1315
F: 865-522-0049
greg@gregcolemanlaw.com

*Attorneys for Plaintiffs*

* Will seek *pro hac vice* admission

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROBERT AHDOOT

I, Robert Ahdoot, declare as follows:

1.      I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff Lisa Marie Davison ("Plaintiff") in the above-captioned action.  I am admitted to practice law in California and before this Court, and I am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code section 1780(d).  I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.      Venue is proper in this Court because Plaintiff suffered injuries as a result of acts by Defendants Herff Jones, LLC and Herff Jones, Inc. ("Defendants") in this District, including Plaintiff's purchase of the subject class ring from Defendants in this District.  Defendant does business in this District and the transaction at issue, or a substantial portion thereof, took place in this District.

3.      Plaintiff is a resident of San Jose, California, in Santa Clara County.

4.      Defendants are Indiana entities (a limited liability company and a corporation, respectively) doing business in California with their principal place of business located at 4501 West 62nd Street, Indianapolis, Indiana 46268.

I declare under penalty of perjury under the laws of the United States and the State of California this 31st day of July, 2018 in Los Angeles, California that the foregoing is true and correct.

*/s/ Robert Ahdoot*
Robert Ahdoot

---